IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN WATERSHEDS ) <br> PROJECT, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES FOREST ) <br> SERVICE, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | Civ. No. 09-0629-E-BLW <br><br> MEMORANDUM DECISION <br> AND ORDER |

# INTRODUCTION

The Court has before it a motion to intervene filed by Faulkner Land & Livestock Company, Inc., Idaho Wool Growers Association, Inc., Idaho Farm Bureau Federation, Inc., and Denis and Laurie Kowitz . The motion is fully briefed and at issue. For the reasons explained below, the Court will grant the motion in part, allowing intervention as to remedies only.

# LITIGATION BACKGROUND

In a prior case, this Court held that the Forest Service violated various environmental laws in preparing the North Sheep Final Environmental Impact Statement (FEIS) because it failed to fully consider grazing's impacts on the

**Memorandum Decision & Order – page 1**

environment. *See Memorandum Decision (docket no. ) in WWP v. U.S. Forest Service,* CIV-05-189-E-BLW. The Court ordered the Forest Service to complete a supplemental analysis to address those deficiencies. The Forest Service complied by issuing the North Sheep Supplemental EIS (SEIS) and Supplemental ROD (SROD) in March of 2008. WWP responded by filing this complaint, alleging that the SEIS and SROD contain the same flaws identified by the Court in the earlier case.

More specifically, WWP alleges that the Forest Service (1) violated NEPA because it failed to discuss in the SEIS and SROD new information on noxious weeds and global warming, in violation of NEPA; (2) violated the ESA because it failed to reinitiate consultation with other agencies over grazing's impacts to threatened and endangered salmon, steelhead, and bull trout; (3) violated NFMA because it failed to consider grazing's impact on sage grouse habitat as required by the Forest Plan, and (4) violated the SNRA because it failed to explain in the SEIS why grazing levels will not substantially impair SNRA values.

Two of the proposed intervnors hold Forest Service permits to graze sheep on allotments covered by the North Sheep SEIS and SROD. The other two proposed intervenors are associations dedicated to advancing the sheep industry and farm families in general.

**Memorandum Decision & Order – page 2**

## STANDARD OF REVIEW

To intervene as of right under Rule 24(a)(2), the proposed intervenor must demonstrate that "(1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *United States v. City of Los Angeles* 288 F.3d 391, 397 (9th Cir.2002). The party seeking to intervene bears the burden of showing that all the requirements for intervention have been met. *Id.* In determining whether intervention is appropriate, courts are guided primarily by practical and equitable considerations, and the requirements for intervention are broadly interpreted in favor of intervention. *Id.*

The burden on proposed intervenors in showing inadequate representation is minimal, and would be satisfied if they could demonstrate that representation of their interests "may be" inadequate. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). This Court considers three factors in determining the adequacy of representation: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a

**Memorandum Decision & Order – page 3**

proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect. *Id*.

## ANALYSIS

Because WWP's ultimate goal is to reduce grazing, the outcome of this lawsuit could have a direct impact on the proposed intervenors. This does not mean, however, that intervention must be granted. The proposed intervenors must show that the Forest Service "may not adequately represent the applicant's interest." *City of Los Angeles* 288 F.3d at 397. In the analysis of this factor, the outcome differs depending on whether liability or remedy is at issue.

On the liability issue – that is, whether the Forest Service violated any of the environmental statutes – the Forest Service has every incentive, and the ability, to defend its conduct. In numerous past cases before this Court, counsel has represented the Forest Service with skill and zeal. Because the Forest Service's liability turns entirely on its own conduct, intervention on this issue would be proper only if the proposed intervenors could demonstrate some unique insight into the Forest Service's conduct. They have not carried that burden.

But what if the Forest Service decides that its conduct did not measure up to the statutes cited by WWP? Should the proposed intervenors be allowed to intervene to ensure that the Forest Service does not "abandon" their interests in that

**Memorandum Decision & Order – page 4**

manner? The short answer is no, for two reasons. First, the Court cannot base intervention decisions on speculation about an agency's future litigation strategy. Second, if the Forest Service agrees to issue a new SEIS and SROD as urged by WWP, this case will be moot and the proposed intervenors will have a full opportunity to challenge the new decision in a separate lawsuit.

The analysis shifts, however, when remedies are at issue. At this stage, the Forest Service is no longer defending its conduct, and has less of an incentive to defend current levels of grazing. The proposed intervenors now have a strong argument that their interests are not adequately protected. Hence, the Court will allow intervention for remedy purposes.

The proposed intervenors complain that WWP is using a procedural ploy in not seeking an injunction up front, thereby delaying the remedy phase to ensure that the proposed intervenors will be shut out of the liability phase. *See Reply Brief* at pp. 2-3. There is nothing nefarious, however, in seeking to adjudicate liability before remedies.

For all of these reasons, the Court will grant the motion to intervene only as to remedies.

## ORDER

In accordance with the Memorandum Decision above,

**Memorandum Decision & Order – page 5**

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to intervene on behalf of Faulkner Land & Livestock Company, Inc., Idaho Wool Growers Association, Inc., Idaho Farm Bureau Federation, Inc., and Denis and Laurie Kowitz  (docket no. 3) is GRANTED IN PART AND DENIED IN PART. The motion is granted to the extent it seeks intervention for the purposes of litigating remedies.  It is denied in all other respects.

DATED:  **May 4, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge