IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES FOREST SERVICE,<br><br>Defendant. | Case No.  4: 09-CV-629-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it WWP's motion to reconsider.  The motion is fully briefed and at issue.  For the reasons explained below, the Court will deny the motion.

# STANDARD OF REVIEW

A motion to reconsider an interlocutory ruling requires an analysis of two important principles: (1) error must be corrected; and (2) judicial efficiency demands forward progress.  The former principle has led courts to hold that a denial of a motion to dismiss or for summary judgment may be reconsidered at any time before final judgment. *Preaseau v. Prudential Insurance Co.,* 591 F.2d 74, 79-80 (9th Cir. 1979).  While even an interlocutory decision becomes the "law of the case," it is not necessarily carved in stone. Justice Oliver Wendell Holmes concluded that the "law of the case" doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a

**Memorandum Decision & Order - 1**

limit to their power." *Messinger v. Anderson*, 225 U.S. 436, 444 (1912). "The only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous. There is no need to await reversal." *In re Airport Car Rental Antitrust Litigation*, 521 F.Supp. 568, 572 (N.D.Cal. 1981)(Schwartzer, J.).

The need to be right, however, must be balanced with the need for forward progress. A court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988). "Courts have distilled various grounds for reconsideration of prior rulings into three major grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or to prevent manifest injustice." *Louen v Twedt*, 2007 WL 915226 (E.D.Cal. March 26, 2007). If the motion to reconsider does not fall within one of these three categories, it must be denied.

## ANALYSIS

WWP seeks reconsideration on the third ground listed above, arguing that the Court erred in approving the Forest Service's use of the adaptive management strategy to restore sage grouse habitat when the strategy does not call for monitoring key habitat variables as recommended by Dr. Clint Braun, the leading expert on sage-grouse. These variables would include (1) sagebrush; (2) grasses, and (3) forbs.

The Court discussed this issue at length in its decision, finding that although the

**Memorandum Decision & Order - 2**

Forest Service was not monitoring these variables, it was conducting line intercept and nested frequency studies to monitor sage grouse habitat. *See Memorandum Decision (Dkt. 36)* at pp. 16-17. The administrative record contained literature – reviewed by the Court – finding that the techniques used by the Forest Service were "widely accepted" and "ha[d] greater accuracy and precision than other methods." *Id*. at p. 16. This literature also found that canopy cover – a variable measured by the Forest Service – was the "attribute most often measured to characterize sage-grouse habitat." *Id*. at p. 17.

WWP argues, however, that the Forest Service failed to explain why it chose its methodology over that of Dr. Braun. As the Court explained in its decision, the Forest Service has the right to rely on one set of experts over another. Where the Forest Service has chosen a methodology that is widely accepted and found to be an accurate measure of habitat health, the Court cannot find that the Forest Service acted in an arbitrary and capricious manner when it failed to explain why it rejected other methodologies.

This does not necessarily mean that the Forest Service's methodology can be used at all times, in all places, and by all agencies. A key to this decision – explained by the Court in the decision's conclusion – is that the Forest Service is actually conducting monitoring. *Id.* at pp. 18-19. That is critical because in the SNRA, wildlife is valued over livestock. *Id*. at p. 19. The Court expressed its concern that funding cuts may hamper the agency's ability to conduct monitoring, and in that event this issue may need to be revisited. *Id.* At this time, however, the Forest Service is engaged in vigorous monitoring of grazing, and the Court cannot find any reason to reconsider its prior

**Memorandum Decision & Order - 3**


decision. Accordingly, the motion to reconsider will be denied.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to reconsider (docket no. 38) is DENIED.



DATED:  **September 22, 2011**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge